UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM J. LOVELACE and OCTAVIA LOVELACE<br>    Plaintiffs,<br><br>v.<br><br><br>SHOWROOM AUTO, LLC<br>    Defendant | : : : : : : : : : : : : |

No. 16-CV-04978 (ERK)(CLP)

**Memorandum of Law in Support of Plaintiffs' Motion to Vacate Arbitration Award**

<u>Attorneys for Plaintiffs</u>

Daniel S. Blinn
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT 06067-9997
Tel: (860) 571-0408

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906

Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii
Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Factual and Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   I.   The Arbitrator Did Not Render an Award that Conformed to the Submission.
      6
   II.    The Award Cannot be Rectified by Mere Clarification . . . . . . . . . . . . . . . 9
Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Table of Authorities

Page(s)

Cases

*187 Concourse Associates v. Fishman*,
   399 F.3d 524 (2d Cir. 2005) ............................................................................................... 5

*Banco de Seguros del Estado v. Mut. Marine Office, Inc.*,
   344 F.3d 255 (2d Cir. 2003) ............................................................................................... 8

*Clarendon Nat. Ins. Co. v. TIG Reinsurance Co.*,
   183 F.R.D. 112 (S.D.N.Y. 1998) ...................................................................................... 10

*Courier-Citizen Co. v. Boston Electrotypers Union No. 11, Int'l
   Printing & Graphic Communications Union of N. Am.*,
   702 F.2d 273 (1st Cir. 1983) ............................................................................................ 10

*Dupont v. Tobin, Carberry, O'Malley, Riley, Selinger, PC*,
   322 Fed. Appx. 66 (2d Cir. 2009) ...................................................................................... 8

*Fradella v. Petricca*,
   183 F.3d 17 (1st Cir.1999) ................................................................................................. 6

*Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*,
   273 F. Supp. 3d 307 (D. Conn. 2017) ........................................................................ 10, 11

*IDS Life Ins. Co. v. Royal All. Associates, Inc.*,
   266 F.3d 645 (7th Cir. 2001) .......................................................................................... 5, 9

*Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU,
   AFL-CIO v. Brooks Drug Co.*,
   956 F.2d 22 (2d Cir. 1992) ................................................................................................. 6

*Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet
   Metal Co., Inc.*,
   951 F.2d 947. (8th Cir. 1992) ............................................................................................ 9

*Mercury Oil Refining Co. v. Oil Workers International Union*,
   187 F.2d 980 (10th Cir.1951) .......................................................................................... 10

*of by Textile Workers Union of Am. v. Lincoln Mills of Ala.*,
   353 U.S. 448 (1957) ........................................................................................................ 10

*Radio & Tel. Broadcast Engineers Union, Local, 1212 v. WPIX, Inc.*,
   716 F.Supp. 777 (S.D.N.Y.1989), aff'd, 895 F.2d 1411 (2 Cir.1989) ............................... 6

*Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*,
  931 F.2d 191 (2d Cir. 1991) .................................................................................... 6

*United Steelworkers of America v. Enterprise Wheel & Car Corp.*,
  363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) ................................................ 6

*Wackenhut Corp. v. Amalgamated Local 515*,
  126 F.3d 29 (2d Cir.1997) ........................................................................................ 5

**Statutes**

9 U.S.C. § 10(a) ............................................................................................................ 5

NY Gen. Bus. Law §§ 349 ................................................................................... *passim*

NY Gen Bus Law § 350 ....................................................................................... *passim*

Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1

Plaintiffs, by their attorneys, submit the following memorandum of law in support of their application to vacate arbitration award.

## Introduction

This motion to vacate is essentially grounded in the arbitrator's apparent misreading of a footnote in Plaintiffs' post-hearing brief which led to an award that failed to make a final decision on the entirety of the submission to the arbitrator.

Plaintiffs brought this action for damages against Showroom Auto, LLC ("Defendant") an automobile dealer, for violations of the Truth in Lending Act ("TILA")[1] and New York's Deceptive Acts and Practices and False Advertising statutes, General Business Law ("GBL") §§ 349 and 350, respectively. Plaintiffs' claims arose from the purchase and sale of an automobile.

After successfully vacating a default, Defendant brought a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion to compel arbitration. This court granted the motion to compel arbitration but denied the motion to dismiss.[2]

An arbitration was held August 9, 2018, and Arbitrator John F. Byrne issued an award on September 26, 2018. Plaintiffs bring the instant motion, as the award failed to make a finding with respect to any of the causes of action other than the TILA claim. For that reason, the Arbitrator failed to make a mutual, final and definite award.

---

[1] Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*
[2] See ECF #40.

## Factual and Procedural History

As no record of the hearing exists, Plaintiffs shall use the documents submitted to the arbitrator to illustrate arguments briefed and presented to him.

Plaintiffs filed a demand for arbitration on October 19, 2017, seeking to have arbitrated the controversy set forth in the complaint filed in this court matter.[3] See ECF #1. As indicated in the complaint, Plaintiffs brought this action sounding in causes of action sounding in violations of (1) TILA; (2) NY Gen. Bus. Law §§ 349; (3) NY Gen Bus Law § 350, and (4) common law fraud.

Plaintiffs' July 26, 2018 prehearing memorandum detailed the facts they intended to prove at the hearing as well as the legal arguments in support of the three claimed statutory violations and their claim that the Defendant had perpetrated a fraud.[4] Defendant filed a prehearing brief on July 27, 2018 denying liability as to all four causes of action alleged by Plaintiffs.[5] Thereafter, a hearing took place on August 9, 2018.

The arbitrator permitted post-hearing briefing limited to the issue of attorney's fees. While this order was given orally at the hearing, it is memorialized in an August 27, 2018 letter[6] that Defendant's counsel sent to the arbitrator requesting an extension of time to respond to Plaintiffs' post-hearing brief: "Upon the close of the hearing, the Arbitrator directed that there would be no post-hearing

---

[3] Exhibit 1.
[4] Exhibit 2.
[5] Exhibit 3.
[6] Exhibit 4.

submissions by the parties on the merits of the matter save for presentation of cases and claimants' attorney's fees request."

On August 24, 2018, Plaintiffs submitted lengthy briefing on the mandatory nature of attorney's fees for a successful action brought under TILA; the availability of attorney's fees for the entire action (court and arbitration) and for work performed in connection with all causes of action should a TILA violation be found; and the reasonableness of the fees sought.[7]

While Defendant characterized some of the briefing as additional argument on the case's merits, Plaintiffs included a section on the Defendant's admission of facts constituting a TILA violation, as this claim provided for a mandatory award of fees. Essentially, the argument was that the Defendant had admitted to a TILA violation, and an award of fees is therefore mandatory, not discretionary.[8] To that end, Plaintiffs did not submit any additional briefing regarding the propriety of an award of fees under NY GBL or under the other theories of TILA liability. Respecting that, Plaintiffs included the following footnote on page 2 of the post-hearing brief: "Claimants asserted additional theories under TILA. For purposes of this post-hearing submission, they are focusing on the one violation to which Showroom has admitted, because only one recovery can be had under TILA."

---

[7] Exhibit 5.
[8] The admitted TILA violation was that the Defendant included a charge for "dealer financing fee" in connection with the purchase. While this charge was admitted as attributable to arranging credit and would not have been charged in a comparable credit transaction, it was disclosed on the retail installment sales contract as part of the amount financed and not a finance charge.

3

The award of the arbitrator issued on September 26, 2018[9] found in Plaintiffs' favor on the single TILA violation discussed in the post-hearing brief. The decision did not address any of the other causes of action asserted by Plaintiffs. Specifically, the arbitrator wrote: "As limited by their post-hearing brief, Claimants' sole contention is that Respondent incorrectly categorized a 'Dealer Financing Fee' of $1,340.00 as part of the vehicle's purchase price instead of part of the finance charge on the Retail Purchase Agreement. As a consequence, Respondent violated the Truth in Lending Act ("TILA") and Claimants are entitled to $2,000.00 in statutory damages."

Other than the above footnote, which does at all not seek to the limit claims sought by Plaintiffs, the arbitrator's assertion that "**[a]s limited by their post-hearing brief**, Claimants' **sole contention** is that Respondent incorrectly categorized a 'Dealer Financing Fee' of $1,340.00 as part of the vehicle's purchase price instead of part of the finance charge…"[10] came from no request of any party to truncate any portion of the submission.

The arbitrator addressed only this sole contention and treated the other submitted claims as having been abandoned. As such the award does not conform to the submission, because the arbitrator failed to make a final and complete determination of the issues submitted. The award does include the following boilerplate: "This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims and defenses submitted to this Arbitration; and any

---

[9] Exhibit 6.
[10] (Emphasis supplied.) Exhibit 6.

4

claim or counterclaim not expressly granted herein is nonetheless deemed DENIED." However, that language cannot be seriously entertained as a decision on the entire submission, because it is informed by the erroneous statement that Plaintiffs had limited their submission to the single TILA violation.

## Standard of Review

An arbitrator's award is afforded a high degree of deference.[11] "[A]n arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached. [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. If, however, the arbitrator exceeds his powers, the court may vacate the award. 9 U.S.C.A. § 10(a)(4)."[12] Pursuant to 9 U.S.C. § 10(a) "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration … (4) where the arbitrators exceeded their powers, **or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made**." (emphasis supplied)." "We take 'mutual' and 'final' to mean that the arbitrators must have resolved the entire dispute (to the extent arbitrable) that had been submitted to them…"[13] "[A]n arbitral

---

[11] *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31 (2d Cir.1997)
[12] *187 Concourse Associates v. Fishman*, 399 F.3d 524, 526–27 (2d Cir. 2005)
[13] *IDS Life Ins. Co. v. Royal All. Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001) citing *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace*

5

determination is not final unless it conclusively decides every point required by and included in the submission of the parties."[14] It is the duty of a reviewing court to "determine first whether the arbitrator acted within the scope of his authority, and second whether the award draws its essence from the agreement or is merely an example of the arbitrator's own brand of justice."[15] The scope of the authority of the arbitrator is determined by the intention of the parties to the arbitration, the agreement and the submission made by the parties.[16]

## Argument

### I. The Arbitrator Did Not Render an Award that Conformed to the Submission.

The retail installment sales contract (the "Contract") upon which Plaintiffs brought this action contained the follow arbitration clause in relevant part:

> Any claim or dispute, whether in contract, tort, statute, or otherwise(including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides

---

*Workers*, 802 F.2d 247, 250–51 (7th Cir.1986); *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir.1999).
[14] *Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991)
[15] *Id. citing .Misco, supra,* 484 U.S. 29, 108 S.Ct. 364; *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960)*; Radio & Tel. Broadcast Engineers Union, Local, 1212 v. WPIX, Inc.*, 716 F.Supp. 777, 780 (S.D.N.Y.1989), aff'd, 895 F.2d 1411 (2 Cir.1989)*.*
[16] *Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co.,* 956 F.2d 22, 25 (2d Cir. 1992) *citing United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36, 108 S.Ct. 364, 369–70, 98 L.Ed.2d 286 (1987)*.*

6

>that a claim or dispute is not subject to binding arbitration, the Arbitration Provision shall not apply to such claim or dispute.

This scope of this clause was unlimited and unrestricted unless otherwise abrogated by federal law. As such, Plaintiffs submitted **all** their claims to the arbitrator. Plaintiffs briefed all claims in their pre-hearing memorandum, and Defendant briefed their response to those claims in its pre-hearing memorandum. At the hearing, Plaintiffs put forth a case on all claims, and Defendants defended against all of those claims. The post-hearing brief was limited to the subject matter of attorney's fees, and Plaintiffs briefed that point alone. At no point during the proceedings did Plaintiffs indicate that they were restricting, abandoning, reducing, or limiting the scope of claims to be adjudicated.

The arbitrator's usage of the language "[a]s limited by their post-hearing brief, Claimants' sole contention is that Respondent incorrectly categorized a 'Dealer Financing Fee' of $1,340.00 as part of the vehicle's purchase price instead of part of the finance charge…" indicates that he imperfectly executed his powers and failed to address the majority of the Plaintiff's claims. The scope of the arbitration was determined by the parties' submission, and this submission included the two NY GBL causes of action and the common law fraud claim.

This scenario differs from one where the arbitrator considered and rejected those claims. The arbitrator explicitly failed to decide those claims because he erroneously treated them as having been abandoned. It is not that the arbitrator got the law wrong, made erroneous findings of act, or even acted irrationally. Here, there was no adjudication whatsoever, and three of the four claims simply remain

7

unresolved.

This type of review is squarely within the province of this court: "Our inquiry focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."[17] Curious to the instant matter is that unlike in the majority of cases regarding a submission conforming to an award, this is not a situation where the arbitration ruled on something arguably beyond his scope. This is a much simpler case: the arbitrator simply failed to rule on the entire submission. It is very clear here what the task of the arbitrator was and what he did not do.

Plaintiffs acknowledge that the ability for a reviewing court to vacate an award is extremely constrained, especially with unrestricted submissions. "[A] court reviewing an award on an unrestricted submission-as is the case here-is limited to comparing the submission to the arbitration award[; a]s long as the award conforms to the submission, the court must confirm it and reject an application to modify and correct it."[18] However, if the award does not address all of matters submitted before it in dispute, it is not considered a final or definite award. "[W]e hold that the question for the district court and for us is not whether the arbitrators' reasoning is incomplete in the sense that a syllogism would be incomplete if it lacked its major or its minor premise but whether the award itself, in the sense of judgment, order, bottom line, is incomplete in the sense of having left unresolved a portion of the

---

[17] (Internal quotation marks omitted.) *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003).
[18] *Dupont v. Tobin, Carberry, O'Malley, Riley, Selinger, PC*, 322 Fed. Appx. 66, 69 (2d Cir. 2009).

8

parties' dispute."[19] Such a review reveals the problem. Four claims were submitted, but only one was decided.

Thus, this case involves a submission and a non-conforming award, and it therefore falls within the narrow range of instances where review and vacatur is appropriate. Although the award includes boilerplate language that all claims and defenses not specifically addressed are deemed denied, that statement was meaningfully contradicted by the arbitrator's express declaration that he was deciding only one claim because of his erroneous belief that the post-hearing submission limited the claim to that issue. Often in circumstances where vacatur was sought based on an incomplete award, the proffered incompleteness is that the award was unclear. In *IDS Life Ins. Co.,* the Seventh Circuit reasoned that while the award was unclear and seemed to leave room for ambiguity regarding a finding a certain claims, it was ultimately determined to be final and complete. The present award is clear in that the arbitrator stated he was only ruling on a single cause of action.

## II. The Award Cannot be Rectified by Mere Clarification

Under the common law doctrine of *functus officio,* when "arbitrators have executed their award and declared their decision they are *functus officio* and have

---

[19] *IDS Life Ins. Co. v. Royal All. Associates, Inc.*, 266 F.3d at 651; *see also Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet Metal Co., Inc.*, 951 F.2d 947. (8th Cir. 1992) (Finding that arbitration was not complete after interim determination of liability, but before finding of damages.)

9

no power or authority to proceed further."[20] As this doctrine find its roots in the courts' pre-paradigmatic shift to favor arbitration, exceptions have since been created to the doctrine to allow an arbitrator to modify, supplement or clarify an award.[21] These exceptions are:

> (1) an arbitrator can correct a mistake which is apparent on the face of his award; (2) where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and (3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.[22]

However, the subsequent clarification offered by the arbitrator must not stray from original award. "A valid clarification of an arbitration award under *functus officio* doctrine must be consistent with the original award and should not modify '[t]he spirit and basic effect of the award.'"[23] "[P]roper clarifications may involve the correction of a math error, for instance, a proper clarification may change the awarded amount because such a correction d[oes] not modify the spirit and basic effect of the award, but simply ma[kes] it consistent with the arbitrators' intent and maintain[s] the underlying resolution of the dispute, in

---

[20] *Mercury Oil Refining Co. v. Oil Workers International Union,* 187 F.2d 980, 983 (10th Cir.1951) *disapproved of by Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448 (1957).
[21] *Courier-Citizen Co. v. Boston Electrotypers Union No. 11, Int'l Printing & Graphic Communications Union of N. Am.*, 702 F.2d 273, 278 (1st Cir. 1983).
[22] *Clarendon Nat. Ins. Co. v. TIG Reinsurance Co.*, 183 F.R.D. 112, 116 (S.D.N.Y. 1998).
[23] *Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 273 F. Supp. 3d 307, 323 (D. Conn. 2017) *citing Clarendon*, 183 F.R.D. at 116 (noting that arbitrators "simply made a mathematical error they now seek to correct" and that "[t]he spirit and basic effect of the award was not modified" by this correction, allowing the clarified award to be enforced).

that case, to award [Party A] consequential damages for [Party B's] breach of the contract, offset by [Party A's] preexisting expenses."[24]

The arbitrator here did not merely make a math error. Instead, he expressly stated that he was not going to rule on issues other than a single TILA allegation. Asking for clarification on the award would require that the arbitrator abrogate his stated intent in the award and could be accomplished only by a total rewrite. His intent is made plain in the award: he did not even consider those causes of action despite the lack of any indication that could reasonably be interpreted as an abandonment or withdrawal of those claims. In order to provide an award that conforms to the submission, he would have to create an entirely new award replete with a new analysis, which goes far beyond what the exceptions to the doctrine of *functus officio* permit.

For those reasons, the award cannot be clarified to conform to the submission and must be vacated entirely.

## Conclusion

For the above-stated reasons, Plaintiffs motion to vacate the arbitration award should be granted.

Dated: November 19, 2018  PLAINTIFFS, WILLIAM J. LOVELACE
and OCTAVIA LOVELACE

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn
One of Plaintiffs' Attorneys

---

[24] (Internal quotation marks omitted.) *Id.* at 323 *citing Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 CIV. 5270 CMMDF, 2007 WL 678731, at *8 (S.D.N.Y. 2007).

11