# Exhibit 4

# Coren Law Group P.C.

Attorneys at Law

225 Union Street
Brooklyn, New York 11231

(212) 371-5800
scoren@corenlawgroup.com

August 27, 2018

**via email DerekCoppola@adr.org**
Derek S Coppola, Case Administrator
American Arbitration Association
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919

Re: Case Number: 01-17-0006-3311
William J. Lovelace & Octavia Lovelace v. Showroom Auto, LLC

Dear Mr. Coppola:

As counsel for Showroom Auto, LLC, this will serve to state its objection and application for a two (2) week extension until September 14, 2018 for Respondent to submit its opposition to Claimants' post-hearing submission. Currently, the opposition is due by August 31, 2018. The grounds for this application are as follows.

Upon the close of the hearing, the Arbitrator directed that there would be no post-hearing submissions by the parties on the merits of the matter save for presentation of cases and claimants' attorney's fees request. Despite this, claimants' have submitted an extensive post-hearing brief with lengthy argument, a long fee application as well as their federal court brief (originally submitted in opposition to Respondent's successful motion to have the case referred to arbitration). The total submitted (without considering the cases provided) is more than 70 pages of material. Respondent objects to this as contrary to the arbitrator's instructions.

The undersigned has been taken by unfair surprise and if the submission is accepted, Respondent is entitled to reasonable time to respond. First, claimants' submission was made late on Friday (after 3:00PM) which was after I left the office. I was not able to review the submission until today as I returned to office after 6:00 PM. I was engaged in other matters and it was at that time that I first download claimants' submission. Second, I am going out of town early on 8/30/18 and not returning until 9/2/18. This means, under the current schedule, I will have just two (2) days to review, research and prepare a response. This is unreasonable as I have other cases requiring attention before I depart and I had budgeted time so that I would have been able to prepare an opposition limited to a reasonable attorney's fee application. Third, claimants' submission seeks $27,000 in attorneys' fees. For a one day arbitration, such a request is extraordinary. The point is that opposition to this, too, will require much more time and effort than I had anticipated.

In the interests of justice, Respondent requests that the its adjournment request be granted.

Very truly yours,

Steven M. Coren

SC/lk
cc: J. Byrne - jfbyrne@aol.com
    D. Blinn - dblinn@consumerlawgroup.com