UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WILLIAM J. LOVELACE and<br>OCTAVIA LOVELACE<br>      Plaintiffs,<br><br>v.<br><br><br>SHOWROOM AUTO, LLC<br>      Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 16-CV-04978 (ERK)(CLP) |

**Plaintiffs' Response to Defendant's Objections to the Report and Recommendations
of the Honorable Cheryl L. Pollak, U.S. Magistrate Judge**

<u>Attorneys for Plaintiffs</u>

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, NY 10004
Tel: (212) 248-7906

Daniel S. Blinn
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel: (860) 571-0408

# Table of Contents

Table of Authorities  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Standard of Review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    Defendant made the same arguments he is making here before Magistrate Judge Pollak, who rightly found Defendant's arguments wanting – that is, the Magistrate expressly considered and found that Plaintiff's arguments were not frivolous, and that Defendant had not complied with the safe-harbor provisions of Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    Because Plaintiffs' argument that the Arbitrator failed to discharge his duties was supported by the FAA and the case law, the argument was warranted by existing law and, therefore, was neither frivolous nor sanctionable  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.    Although Magistrate Pollak reached her conclusion that Defendant had failed to comply with the safe-harbor provisions of Rule 11 based on detailed briefing provided by Plaintiffs, Defendant is rehashing the same false claim of compliance here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    While Defendant complains that Magistrate Pollak did "not comment on whether attorney fees should be allowed pursuant to the Court's inherent power under 28 U.S.C. § 1927", Defendant waived any claim for fees under § 1927 by only arguing for fees under Rule 11, and it is apparent from Magistrate Pollak's Report and Recommendation that she did not believe she had to spell out for Defendant that a finding of lack of frivolity necessarily foreclosed a finding of unreasonable and vexatious conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## Table of Authorities

Page(s)

### Cases

*Agee v. Paramount Communications Inc.*,
 114 F.3d 395 (2d Cir. 1997) ............................................................................... 11

*Alyeska Pipeline Service Co. v. Wilderness Society*,
 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ............................................ 10

*Barratt v. Joie*,
 No. 96-CV-0324, 2002 WL 335014 (S.D.N.Y. Mar. 4, 2002) ................................. 1

*Chambers v. NASCO, Inc.*,
 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) .............................................. 9

*Lawrence v. Richman Group of CT LLC*,
 620 F.3d 153 (2d Cir. 2010) .............................................................................. 6, 7

*Nemeroff v. Abelson*,
 620 F.2d 339 (2d Cir. 1980) (*per curiam*) ............................................................ 10

*Oliveri v. Thompson*,
 803 F.2d 1265 (2d Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct.
 1373, 94 L.Ed.2d 689 (1987) ............................................................................... 10

*Pizarro v. Bartlett*,
 776 F.Supp. 815 (S.D.N.Y. 1991) .......................................................................... 1

*Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce
 Factory, Ltd.,*
 682 F.3d 170 (2d Cir. 2012) .............................................................................. 5, 6

*U.S. v. Int'l Brotherhood of Teamsters*,
 948 F.2d 1338 (2d Cir. 1991) ............................................................................... 10

### Statutes

28 U.S.C. § 1927 ................................................................................... 1, 8, 9, 10

### Other Authorities

Fed. R. Civ. P. 11 .............................................................................................*passim*

Plaintiffs William J. Lovelace and Octavia Lovelace, by their attorneys, submit the following response to Defendant Showroom Auto, LLC's objections to the Report and Recommendation of the Honorable Cheryl L. Pollak, U.S. Magistrate Judge. In her Report and Recommendation, Magistrate Judge Pollak denied Plaintiffs' motion to vacate the arbitration award and denied Defendant's cross-motion for sanctions. Unhappy with the denial of sanctions, Defendant misrepresents Magistrate Judge Pollak's Report and Recommendation and asks the District Judge to grant sanctions "pursuant [to] the Court's inherent power under 28 U.S.C. § 1927 as well as Rule 11 of the Federal Rules of Civil Procedure . . . ."[1]

## Standard of Review

Defendant has properly set forth the standard of review: "When an objection is raised, the court is required to conduct a *de novo* review of the contested sections."[2] And Defendant has even stated the recognized exception to this *de novo* review: "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."[3] But here, Defendant's objections constitute a misstatement of the record before Magistrate Judge Pollak, coupled with a hodgepodge of conclusory and general objections and a rehashing of the same arguments made to the Magistrate.

---

[1] ECF# 57 at 2.
[2] *Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991).
[3] *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *2 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

Argument

I.  Defendant made the same arguments he is making here before Magistrate Judge Pollak, who rightly found Defendant's arguments wanting – that is, the Magistrate expressly considered and found that Plaintiff's arguments were not frivolous, and that Defendant had not complied with the safe-harbor provisions of Rule 11

   A. Because Plaintiffs' argument that the Arbitrator failed to discharge his duties was supported by the FAA and the case law, the argument was warranted by existing law and, therefore, was neither frivolous nor sanctionable

While the Magistrate found Plaintiff's arguments unpersuasive, she expressly found that they were not frivolous, and she also found that Defendant had failed to comply with the safe-harbor provisions of Rule 11. Here is what Magistrate Pollak had to say in her "Analysis" section about the very same arguments Defendant is making again before the District Judge:

> Defendant argues that plaintiffs' motion to vacate the arbitration award was frivolous and had no chance of success. (Def.'s Opp. at 12-13 (quoting *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989))). It states that plaintiff's position was neither supported by existing law, nor could it support extension, modification, or reversal of current law. (Id. at 11). In response, plaintiffs dispute that their arguments to vacate the arbitration award were frivolous. (Reply at 3). Rather, they contend that their motion was supported by legal authority in that it refers to the FAA as well as case law. (*Id.*) Moreover, plaintiffs argue that defendant failed to comply with the safe harbor requirement of Rule 11. (*Id.* at 5). Plaintiffs explain that "[a]lthough Defendant's counsel did send a letter before the motion to vacate was filed, he never served a motion – or even a letter – that specifically addressed the issues or arguments that were raised by Plaintiffs' motion to vacate." (*Id.* at 8).

> In this case, although this Court finds plaintiffs' position in moving to vacate the award to be unpersuasive, the Court does not find that their arguments were so frivolous as to warrant Rule 11 sanctions. Based on the arbitrator's language in the award, it is clear that he limited his analysis to the single TILA violation. Although defendant contends that plaintiffs failed to offer "a single case in support of their position" (Def.'s Opp. at 7), plaintiffs do refer to cases with analogous facts. Indeed, defendant has not provided any binding authority that dealt with a similar factual pattern to counter plaintiffs' arguments. (Reply at 3). Finally, the fact that defendant failed to properly serve a safe harbor letter further supports the denial of Rule 11 sanctions. Accordingly, the Court respectfully recommends that defendant's motion for sanctions be denied.[4]

Every section of Magistrate Pollak's analysis applies with equal force here. Far from supporting Defendant's claim that "a close reading of the R&R reveals that the Magistrate Judge viewed Plaintiffs' motion to vacate as virtually frivolous",[5] the above section reveals the opposite. Magistrate Pollak expressly found that Plaintiffs had argued their position by "refer[ring] to cases with analogous facts" and that it was Defendant—*not* Plaintiffs—who fell short by failing to "provide[] any binding authority that dealt with a similar fact pattern to counter plaintiffs' arguments."[6] Magistrate Pollak further found "that defendant failed to properly serve a safe harbor letter [which] further support[ed] the denial of Rule 11 sanctions."[7]

---

[4] ECF# 56 at 18-19.
[5] ECF# 56 at 2.
[6] ECF# 56 at 19.
[7] *Id.*

3

B. Although Magistrate Pollak reached her conclusion that Defendant had failed to comply with the safe-harbor provisions of Rule 11 based on detailed briefing provided by Plaintiffs, Defendant is rehashing the same false claim of compliance here

The following briefing is drawn word-for-word from Plaintiffs' opposition to Defendant's Rule 11 motion below.[8] This is the briefing that Magistrate Pollak apparently found persuasive, but that Defendant is attempting to rehash here: Rule 11 provides, in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.[9]

The advisory committee note explains:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of *the motion*. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion. Id. advisory committee's notes to 1993 Amendments (emphasis added).[10]

---

[8] ECF# 54 at 3-6.
[9] Fed. R. Civ. P. 11(c)(2).
[10] *Id.*, Advisory Committee's Notes to 1993 Amendments (emphasis added).

"Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'"[11] "Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable."[12]

In *Star Mark Management, Inc.*, the Second Circuit elaborated further on the safe-harbor requirements as follows:

> The safe-harbor provision is a strict procedural requirement. [citations omitted] An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21– day safe harbor period. *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 89–90 (2d Cir.1998) (request for sanctions in letter without separate service of motion did not comply with Rule 11's requirement that sanctions motion be made separately); *Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294, 309 (S.D.N.Y.2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."); accord *Roth v. Green*, 466 F.3d 1179, 1191–93 (10th Cir.2006); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029–30 (8th Cir.2003); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir.2001).[13]

Thus, *Star Mark* stands for the proposition that service of a detailed letter may suffice as a safe-harbor motion in lieu of service of a formal fully-briefed Rule 11 motion, provided it is served with a copy of the notice of motion for sanctions.

---

[11] *Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir.1999)).
[12] *Id.* (internal quotation marks omitted).
[13] *Star Mark Management, Inc.*, 682 F.3d at 175-76.

5

But that is not what happened in this case. Here, Defendant failed to send the requisite Rule 11 motion. Although Defendant's counsel did send a letter *before* the motion to vacate was filed, he never served a motion—or even a letter—that specifically addressed the issues or arguments that were raised by Plaintiffs' motion to vacate. Moreover, unlike the defendant in *Star Mark*, Defendant never served a copy of a notice of motion for sanctions. Because Defendant was complaining of the prospective filing of a motion to vacate that Plaintiffs had not yet prepared and that Defendant had never read, Defendant's attack on Plaintiff's pre-motion conference letter did not set forth (1) the source of authority for the sanctions being considered; or (2) the specific conduct or omission for which the sanctions are being considered. Naturally, with an attack on an inchoate motion that had not been filed, Defendant could not comply with Rule 11 by serving a copy of the notice of motion for sanctions as required.

So odd was Defendant's decision to threaten sanctions for a motion that had not even been filed, based on a pre-motion conference letter, that Plaintiff has been unable to find a decision directly on point in any of the reporters or on Westlaw. The closest Plaintiff could find is *Lawrence v. Richman Group of CT LLC*,[14] in which the Second Circuit held that a Rule 11 motion directed at an earlier complaint does *not* satisfy the "safe harbor" requirement on a later motion directed at an amended complaint.[15] The Circuit held that even if the same frivolous claims are made in

---

[14] *Lawrence v. Richman Group of CT LLC*, 620 F.3d 153 (2d Cir. 2010).
[15] *Id.* at 157.

both pleadings, plaintiff is entitled to a 21-day "safe harbor" after the Rule 11 motion attaching the amended complaint.[16] By analogy, if an attack on a prior *complaint* is not enough to satisfy the "safe harbor" provision, then an attack on a pre-motion conference letter and an attack on a motion that had not even been filed cannot meet the "safe harbor" requirements.

In sum, under Second Circuit precedent, the service of a valid, detailed Rule 11 letter, together with a copy of a notice of motion for sanctions, is a prerequisite to a motion for sanctions. Because Defendant failed to send that letter, the motion should be denied on those grounds alone.

Based upon the above analysis, Magistrate Pollak held that Defendant had not complied with Rule 11's safe-harbor requirement. Defendant's response is to come before the District Judge and repeat the same false statement of compliance. Now, on appeal to the District Judge, the need for specificity in a Defendant's attorney's letter has been highlighted even more. The argument that ultimately won the fight over whether to vacate the arbitration award was not addressed in Defendant's letter, which consisted exclusively of generalized attacks on Plaintiff and citations to the purported impregnability of arbitration awards. This was so because Defendant sent its letter before it even knew the bases for Plaintiffs' planned motion. The argument that ultimately won the day—an argument that appeared for the very first time in Defendant's memorandum in opposition to the motion to vacate—was that the inclusion of the following language in the

---

[16] *Id.*

7

arbitrator's award supported the Defendant's claim that all claims had been considered and decided by the arbitrator: "This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims and defenses submitted to this Arbitration; and any claim or counterclaim not expressly granted herein is nonetheless deemed DENIED."[17] A proper Rule 11 letter and copy of a notice of motion for sanctions would have referenced this portion of the award. Instead, Plaintiffs and their counsel were presented with this argument for the first time when the Defendant filed its opposition to their motion.

> II. **While Defendant complains that Magistrate Pollak did "not comment on whether attorney fees should be allowed pursuant to the Court's inherent power under 28 U.S.C. § 1927", Defendant waived any claim for fees under § 1927 by only arguing for fees under Rule 11, and it is apparent from Magistrate Pollak's Report and Recommendation that she did not believe she had to spell out for Defendant that a finding of lack of frivolity necessarily foreclosed a finding of unreasonable and vexatious conduct**

First, Defendant waived any claim to fees and costs under the Court's inherent power and under § 1927. In its memorandum to Magistrate Pollak, Defendant repeated four times, in one form or another, the mantra that it was seeking fees and costs under "Rule 11 as well as the Court's inherent power and 28 U.S.C. § 1927". But Defendant entitled its motion, "Notice of Cross Motion to Confirm Arbitration Award and Rule 11 Relief" and Defendant entitled its briefing, "Memorandum of Law in Support of Defendant's Cross Motion to Confirm

---

[17] *See* ECF# 50 at 4, relied upon in the Report and Recommendation at ECF# 56 at 11.

8

Arbitration Award and for Rule 11 Relief".[18] Furthermore, in its memorandum, Defendant argued solely for Rule 11 sanctions, going so far as to use the words "Rule 11" exclusively in the titles to all of the sections of its memorandum in which it claimed an entitlement to sanctions.[19] In only one seemingly random sentence, buried on page 11 of its 14-page memorandum, did Defendant refer to the legal standard for imposing sanctions under § 1927. But even there, Defendant did not *argue* for sanctions under § 1927. In light of this apparent waiver, Magistrate Pollak understandably gave short shrift to any claims to an award under § 1927.

Second, Defendant appears to not understand that the Court's inherent power to impose sanctions is separate from its statutory power to impose fees and costs under § 1927. In any event, Plaintiffs' conduct was not sanctionable under either scenario, because, by denying sanctions under Rule 11, Magistrate Pollak necessarily decided that Defendant was not entitled to fees and costs under either § 1927 or the Court's inherent powers.

The Court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[20] This power may likewise be exercised where the party or the attorney has "acted in bad

---

[18] *See* ECF# 48 & 50.
[19] *See* ECF# 50.
[20] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted).

9

faith, vexatiously, wantonly, or for oppressive reasons."[21] An award of sanctions under the court's inherent power requires both "clear evidence that the challenged actions are *entirely without color,* and [are taken] for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of [the] lower courts."[22] A claim is colorable "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim."[23]

Under § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[24] "Bad faith is the touchstone of an award under this statute."[25] "Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay."[26]

Thus, "[t]o impose sanctions under either authority, the trial court must find

---

[21] *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (internal quotation marks omitted).
[22] *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (internal quotation marks omitted) (emphasis added), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).
[23] *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (*per curiam*).
[24] 28 U.S.C. § 1927.
[25] *U.S. v. Int'l Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991).
[26] *Oliveri v. Thompson*, 803 F.2d at 1273. (emphasis added); *id.* ("[A]n award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power....").

clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes."[27] Here, Magistrate Pollak expressly determined that Plaintiffs' motion to vacate was not frivolous and, therefore, was not meritless. As for whether Plaintiffs acted for "improper purposes," Defendant makes the unsupported claim that Plaintiffs purpose was "to burden defendant with unnecessary litigation expenses" when Defendant well knows that Plaintiffs' purpose was to have the case reheard before a new arbitrator who would discharge his duties as an arbitrator by deciding all of Plaintiffs' claims rather than focusing on a single claim.

## Conclusion

For the above-stated reasons, Defendant's objections to the Report and Recommendation should be rejected as an unsupported rehashing of bad arguments that the Honorable Cheryl L. Pollak has already found wanting.

Dated: July 16, 2019

> PLAINTIFFS, WILLIAM J. LOVELACE
> and OCTAVIA LOVELACE
>
> By: /s/ *Brian L. Bromberg*
> Brian L. Bromberg
> One of Plaintiffs' Attorneys

---

[27] *Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir. 1997).

Certificate of Service

I, Brian Bromberg, an attorney, hereby certify that on July 16, 2019, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

    Daniel S. Blinn, Esq.

    Ira B. Pollack, Esq.

    Steven M. Coren, Esq.

Dated:       New York, New York
               July 16, 2019

                                                /s/ Brian L. Bromberg
                                                Brian L. Bromberg