| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| WILLIAM J. LOVELACE and OCTAVIA LOVELACE, | |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| – against – | 16-CV-4978 (ERK) (CLP) |
| SHOWROOM AUTO, LLC, | |
| Defendant. | |

KORMAN, *J.*:

I assume familiarity with the underlying facts of this case, as set forth in the Report and Recommendation of Magistrate Judge Pollak, dated June 24, 2019, ECF No. 56 ("R&R"). Plaintiffs William and Octavia Lovelace filed no objections. Defendant Showroom Auto ("Showroom") objects to one portion of the recommendation: that attorneys' fees not be awarded.

Applying *de novo* review, *see* 28 U.S.C. § 636(b), I agree with Magistrate Judge Pollak's conclusion that Rule 11 sanctions are inappropriate. As she explained, "plaintiffs do refer to cases with analogous facts," so "their arguments were [not] so frivolous as to warrant Rule 11 sanctions." R&R 19. Similarly, I deny Showroom's request that I issue sanctions pursuant to "the Court's inherent power under 28 U.S.C. § 1927." Obj. 2, ECF No. 57. Passing over the improper conflation of the inherent power and statutory power to award fees, Showroom fails to make the requisite showing to support an award of sanctions. The standard is ultimately the same regardless of the basis for awarding sanctions: "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974), *superseded by statute on other grounds*, 31 U.S.C. § 3905(j); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[A]n award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power."). That plaintiffs were ultimately

1

unsuccessful in their motion to vacate the arbitration award is insufficient to demonstrate that they acted in bad faith, particularly where they cited relevant precedent. *See Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 n.2 (2d Cir. 2000) ("A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support." (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (per curiam))).

I adopt the Report and Recommendation in its entirety. Plaintiffs' motion to vacate the arbitration award is denied, defendant's motion to confirm the award is granted, and defendant's motion for sanctions is denied.

**SO ORDERED.**

Brooklyn, New York
July 19, 2019

*Edward R. Korman*
Edward R. Korman
United States District Judge