| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
|---|---|
| WILLIAM J. LOVELACE and OCTAVIA LOVELACE, | |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| – against – | 16-CV-4978 (ERK) (CLP) |
| SHOWROOM AUTO, LLC, | |
| Defendant. | |

KORMAN, *J.*:

Plaintiffs William and Octavia Lovelace sued defendant Showroom Auto, LLC, for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and various New York state laws. Compl. ¶¶ 1, 40, ECF No. 1. On October 10, 2017, I ordered the parties to arbitrate. Approximately one year later, the arbitrator reached a decision: Showroom had violated TILA and the Lovelaces were entitled to $2,000 in statutory damages and $3,000 in attorneys' fees. Arbitrator's Award, ECF No. 43-1. The Lovelaces filed a motion to vacate the award, alleging that the arbitrator erred in treating all but one of their claims withdrawn. *See generally* ECF No. 44-1. Showroom filed a cross-motion to confirm the award. *See* ECF No. 48. Magistrate Judge Pollak recommended denying the motion to vacate and granting the motion to confirm. *See* ECF No. 56. She also recommended denying Showroom's motion for sanctions. *Id.* I adopted her recommendation. *See* ECF No. 59.

The Lovelaces now move for an additional award of attorneys' fees. Specifically, they seek $4,738 in fees and costs for time spent responding to Showroom's objections to Magistrate Judge Pollak's recommendation. *See* Pls.' Fee Br. 1, ECF No. 61-1.

TILA provides that "any creditor who fails to comply with any requirement imposed under this part . . . is liable . . . [for] the costs of the action, together with a reasonable attorney's fee." 15

U.S.C. § 1640(a)(3). Fee awards under TILA are mandatory, *see id.*, and must be reasonable considering "case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (discussing similar fee-shifting provision under the Voting Rights Act).

Before addressing the precise value of any fees, I first assess whether any are allowed here. The Lovelaces assert that they are entitled to counsel fees arising from their reply to Showroom's objection to the magistrate's recommendation and the fee application itself. *See* Pls.' Fee Br. 3. The objection and the reply focused on the narrow and peripheral issue of sanctions. Nevertheless, as the Supreme Court has explained, "fee-shifting statutes[ ]favor[] treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990). The statute at issue in *Jean*—the Equal Access to Justice Act—uses similar language to TILA. It awards fees "to the prevailing party in any civil *action*." 28 U.S.C. § 2412(b) (emphasis added). Likewise, TILA awards fees "in the case of any successful *action*." 15 U.S.C. § 1640(a)(3) (emphasis added). As the Fourth Circuit has explained, "*action* encompasses each stage of [the] litigation." *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 185 (4th Cir. 2007). Accordingly, even though the dispute over sanctions is not integral to the Lovelaces' suit, fees may be awarded based on it.

Showroom further contends that "proceedings to confirm arbitration awards are 'special proceedings' rather than 'actions.'" Def.'s Fee Opp. 4, ECF No. 66. But the mere fact that a proceeding to confirm or vacate an arbitral award is a "summary proceeding," *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006), does not mean it is not also an action. The Second Circuit has repeatedly referred to proceedings to either confirm or vacate arbitral awards as "actions." *See, e.g. Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 135 (2d Cir. 2002). Indeed, other courts have awarded fees in proceedings to confirm arbitration awards, albeit under ERISA.

2

*See, e.g.*, *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 409 (S.D.N.Y. 2008), *cited with approval in Odeon Capital Grp. LLC v. Ackerman*, 864 F.3d 191, 199 (2d Cir. 2017). Showroom offers no meaningful distinguish between the fee award schemes under ERISA and TILA. Rather, Showroom contends that the proper framework for considering fees here is the Federal Arbitration Act, which does not provide for fee-shifting, because, at its core, this is an arbitration proceeding. As explained above, the Supreme Court has cautioned against "atomiz[ing]" different parts of litigation. *See Jean*, 496 U.S. at 162. Showroom's proposed line between post-arbitration proceedings and "actions" contravenes this mandate. Its argument that objections to a magistrate's report and recommendation should be treated as separate and apart from the "action" fails for the same reason.

Showroom also insists that the Lovelace's motion to vacate was so without merit that fees cannot be justified. Both Magistrate Judge Pollak and I have rejected this claim. Magistrate Judge Pollak even noted that the Lovelaces' position was better researched and supported than Showroom's, despite the ultimate outcome. *See* R & R at 19, ECF No. 56. And but for Showroom's meritless objection to Magistrate Judge Pollak's recommendation, this dispute over fees would never have materialized. Accordingly, a fee award is proper here.

Turning to the actual amount of the fees, the rates identified by counsel—$400 per hour—are high given the narrow issues litigated. *See* Bromberg Decl. ¶ 36, ECF No. 61-4; *see also Pierre v. Planet Automotive, Inc.*, 2018 WL 1385906, at *4-5 (E.D.N.Y. Feb. 21, 2018), *adopted in* 2018 WL 135882 (E.D.N.Y. Mar. 19, 2018) (approving rates of $375 per hour for experienced partners); *Joseph v. Excellence Auto Trade LLC*, 2017 WL 1157178, at *7 (E.D.N.Y. Feb. 10, 2017) (approving a rate of $350 per hour and noting that senior attorneys typically charge between $300 and $450 per hour), *adopted in* 2017 WL 1154999 (Mar. 27, 2017); *King v. Paradise Auto Sales I, Inc.*, 2016 WL 4597477, at *2 (E.D.N.Y. Aug 16, 2016) (approving a rate of $375 per hour),

3

*adopted in* 2016 WL 4595991 (E.D.N.Y. Sept. 2, 2016). Although counsel is undoubtedly experienced and well-qualified, they do not seek fees based on their principal area of competence—consumer protection. *See* Pls.' Fee Br. 5-6. Rather, they seek compensation primarily for their work challenging the more pedestrian issues of sanctions and fees. Because the issues litigated are not within counsels' areas of expertise, I will calculate their fees based on a reduced hourly rate of $350. Similarly, a rate of $150 for a paralegal, *see* Blinn Decl. ¶ 5, ECF No. 61-2, is excessive. Other courts have concluded that a reasonable rate for paralegals or legal assistants is between $70 and $120. *See Pierre*, 2018 WL 1385906, at *4 (citing *Tito v. Rubin & Rothman, LLC*, 2014 WL 1092845, at *2-3 (E.D.N.Y. Mar. 18, 2014)); *see also King*, 2016 WL 4597477, at *2 (approving rate of $120 for paralegals). Taking the middle of this range, an appropriate rate is $100 per hour.

Turning to the question of hours, they too must be "reasonably expended" to justify an award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where hours are not "reasonably expended," "[a] district court may exercise its discretion" and reduce the fee award. *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006); *see also Bourgal v. Atlas Transit Mix Corp.*, 1996 WL 75290, at *7 (E.D.N.Y Feb. 7, 1996) ("The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary.").

Here, 9.30 billable hours were spent responding to the objections and 2.90 were spent on the fee motion. *See* Blinn Decl. ¶ 7, ECF No. 61-2; Pre-Bill Worksheet, ECF No. 61-3; Bromberg Decl. ¶ 38, ECF No. 61-4. A total of 9.30 hours on the Lovelaces' response to Showroom's objections is redundant and excessive. The Lovelaces admit that Showroom "made the same arguments" in its objections as in its primary briefing to Magistrate Judge Pollak. ECF No. 58, at 2. Indeed, the Lovelaces' response block quotes Magistrate Judge Pollak's R & R at length, *see id.*

4

at 2-3, and largely reiterates the same arguments supported by the same cases, *compared id.* at 4-8 *with* ECF No. 54, at 3-6. Thus, nearly two-thirds of the Lovelaces' response was repetitive of prior work. Accordingly, I reduce the number of hours by approximately two-thirds, to 3.10 hours. Reasonable fees for responding to the objection are $1,085. As to the work expended on the fee motion itself, 2.90 billable hours were spent on that motion. *See* Pre-Bill Worksheet, ECF No. 61-3. Of those, 2.40 were expended by a paralegal and the remainder by an attorney. Applying the rates adopted above yields $415. Thus, the total fee award is $1,500.

As to costs, I have already rejected Showroom's arguments as to whether this suit constitutes an "action." Moreover, Rule 54 states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Showroom points to no statute, rule, or court order providing otherwise. Moreover, the Lovelaces prevailed. They won the arbitration—albeit, on only one claim—and prevailed over Showroom on its motion for sanctions, even if their motion to vacate was denied. In any event, Showroom has not offered compelling reasons why "the norm" of awarding costs to a prevailing party should be disregarded here. *See Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) ("[D]enial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or its own limited financial resources."). Filing this action instead of immediately commencing arbitration does not amount to misconduct. Accordingly, I allow costs in the amount of $458.

## CONCLUSION

$1,500 in attorneys' fees and $458 in costs are awarded to the Lovelaces.

SO ORDERED.

Brooklyn, New York
August 22, 2019

*Edward R. Korman*
Edward R. Korman
United States District Judge